IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES MICHAEL YOUPEE,<br><br>Petitioner,<br><br>vs.<br><br>RICHARD CANTRELL, JR.; FORT PECK ADULT CORRECTIONAL FACILITY,<br><br>Respondents. | Cause No. CV 22-48-GF-BMM<br><br>ORDER |

On June 13, 2022, this Court entered an order directing Mr. Youpee to provide additional information surrounding the procedural posture of his tribal court proceedings. (Doc. 3.) Mr. Youpee was advised, based upon his filing, that it appeared the requisite jurisdictional requirements had not been met under the Indian Civil Rights Act ("ICRA"). *Id*. at 3-4. Mr. Youpee was given 30 days to file his response. *Id*. at 5. To date, no response has been filed.

### i. Failure to Prosecute

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370

1

U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Youpee has failed to respond to this Court's show cause order. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Youpee refuses to

2

comply with the Court's orders and deadlines. Mr. Youpee's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. Youpee was afforded an adequate amount of time in which to prepare and file his response to the Court's order regarding exhaustion of tribal remedies and the corresponding jurisdictional requirements under the ICRA, but he failed to do so. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393,

399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. Given Mr. Youpee's failure to respond to this Court's order, no further resources will be expended and this matter will be dismissed pursuant to Fed. F. Civ. P. 41(b).

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Mr. Youpee attempts to advance do not make a substantial showing that he was deprived of a constitutional right. Moreover, no reasonable jurist would suggest the Court go forward with the case without Mr. Youpee's

participation. A certificate of appealability will be denied because reasonable jurists would find no reason to encourage further proceedings.

Accordingly, IT IS HEREBY ORDERED:

1. Mr. Youpee's petition (Doc. 1) is DISMISSED under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. The Clerk of Court is directed to enter a judgment of dismissal by separate document.

3. A certificate of appealability is DENIED.

DATED this 18th day of July, 2022.

>   /s/ Brian Morris
>   Brian Morris, Chief Judge
>   United States District Court